UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:03cv411

ROBERT D. ADAMS &
AILEEN S. ADAMS

    Plaintiffs,

v.

VILLAGE OF WESLEY CHAPEL,
a North Carolina Municipal Corporation
& ALBERT W. BLACK, individually

    Defendants.

AMENDED PRETRIAL
ORDER AND CASE
MANAGEMENT PLAN

    A status conference for the above-referenced matter was held on November 16, 2005 before the Honorable Robert J. Conrad, Jr. The trial in this matter was set at that time for May 8, 2006. Pursuant to Fed. R. Civ. Pro. 16, and at the request of the Court, the parties hereby submit this Scheduling Order for consideration by the Court.

A.    <u>Trial Subpoenas</u>:

Counsel must subpoena all witness for appearance at trial no later than **April 24, 2006**. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B.    <u>Counsel's Duties Prior to Trial</u>

    1.    No later than **April 28, 2006** counsel for all parties shall:

        a.    Discuss the possibility of a settlement;
        b.    Exchange copies of trial exhibits or permit inspections if copying is impractical;
        c.    Number and become acquainted with all exhibits; and
        d.    Agree upon the issues, reduce them to writing, and file three copies with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate.

    2.    No later than **April 10, 2006,** counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that he or she intends to offer into evidence as well as the

1

basis under Rule 32(a) for the use of such depositions. Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter-designations pursuant to Rule 32(a)(4). Any objections to counter-designations must likewise be served three business days after receipt of counter-designations. Counsel are directed to jointly file with the Court a copy of the designations, counter-designations, and objections thereto for the Court to consider prior to trial no later than **April 24, 2006**.

C. <u>Counsel's Filings Before Trial: Counsel's Filings Before Trial:</u> No later than **April 24,2006,** counsel for each party shall file with the Clerk of Court an original and two (2) copies of each of the following:
    a. A trial brief, should the presiding judge require same;
    b. A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for
trial, each party shall file its own statement of issues:
    c. Proposed jury instructions, as described below;
    d. Requests for voir dire;
    e. A witness list containing the name of every proposed witness;
    f. A statement of the education, experience and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each
expert witness; and
    g. An exhibit list.

This deadline may not be extended for any reason. Failure to comply with this deadline WILL result in sanctions.

D. <u>Proposed jury instructions:</u> All counsel shall submit proposed jury instructions no later than **May 1, 2006.** Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction should contain (a) supporting citation(s) as a footnote.

E. <u>Jury Voir Dire</u>: The Court, after consideration of the requests for voir dire submitted by counsel in compliance with Paragraph C above shall conduct jury voir dire.

F. <u>Sanctions for Counsel's Failure to Meet Deadline for Filing</u>: If any party fails to comply timely with any provision of Paragraphs B, C and D above, the Court will impose such sanctions as the Court deems appropriate and are within the Court's power.

G. <u>Counsel's Filings on the First Day of Trial</u>: No later than the first day of trial, counsel for each party shall serve and file with the courtroom deputy an original and four (4) copies of the following:
    a. Stipulations concerning the authenticity of as many proposed exhibits as possible.

H.  <u>Exhibit Notebooks</u>:  If counsel for any party intends to either tender more than fifteen (15) documentary exhibits in paper form or to publish exhibits to the jury in electronic form, counsel for that party shall prepare three (3) identical hard copy sets of such exhibits in notebooks.  Each set of exhibits shall contain an index of the exhibits and a copy of each exhibit.  Counsel shall label and tab each exhibit.  If each set of exhibits constitutes more than one notebook, counsel shall sequentially label and arrange the notebooks within each set.

Three (3) identical sets of exhibits in hard copy are necessary so that there are adequate copies for the Court, the Court clerk, and the jury during deliberations.  These sets are in addition to the original copy of each exhibit to be tendered to the Court and offered into evidence.

I.  <u>Format for Exhibit List</u>:

In preparing the exhibit list required by Paragraph G, counsel shall identify and number each exhibit separately, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #            Description            Identified By            Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

J.  <u>Publishing Documents to the Jury</u>:  With regard to any exhibits that counsel for either party intends to publish to the jury, it is expected that such exhibits will be published to the jury electronically using equipment provided by or approved by the Court.  Should, however, counsel for either party wish to publish exhibits to the jury in paper form, either in addition to or in lieu of publishing electronically, they will not be prohibited from doing so, but must provide a paper copy for each juror.  If the number of exhibits that counsel for either party intends to publish to the jury in paper form exceeds fifteen (15), counsel shall provide (an) exhibit notebook(s) for each juror for each juror's collection of such exhibits as they are published.

This case is set for trial on May 8, 2006.  It is expected to take approximately ten (10) days to complete trial.  This Order supersedes the requirements of Fed. R. Civ. Pro. 26(a)(3).

When necessary or appropriate, the Court will supplement or modify this Order with an Order governing the trial date and any other scheduling issues.

Signed: March 6, 2006

_____
Robert J. Conrad, Jr.
United States District Judge

WE HEREBY REQUEST ENTRY OF THIS ORDER:

s/ William J. Brian, Jr.
William J. Brian, Jr.
NC Bar No. 16570
Email: bbrian@kennedycovington.com


s/ Patrick L. Byker
Patrick L. Byker
NC Bar No. 18939
Kennedy Covington Lobdell & Hickman, L.L.P.
Post Office Box 14210
Research Triangle Park, NC 27709-4210
919-466-1190
Email: pbyker@kennedycovington.com
*Attorneys for Plaintiffs*


s/ H. Lee Davis, Jr.
H. Lee Davis, Jr.
NC Bar No. 7683
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-8385
Email: ldavis@davisandhamrick.com
*Attorney for Village of Wesley Chapel*


s/ William L. Hill
William L. Hill
NC Bar No. 21095
Moss, Mason & Hill
101 West Friendly Avenue, Suite 602
Greensboro, NC 27401
Email: mmason@mossmasonandhill.com
*Attorney for Albert W. Black*