# UNITED STATES DISTRICT COURT
# for the WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03cv411

ROBERT D. ADAMS and AILEEN S. ADAMS,  :
      Plaintiffs :
  vs. :
:
VILLAGE OF WESLEY CHAPEL, a
North Carolina Municipal Corporation,
and ALBERT W. BLACK, Individually,
      Defendants. :

### Clerk's Affirmation of Costs

This matter is before the Clerk on Defendant Village of Wesley Chapel's "Response to Plaintiffs' Motion for Reconsideration of Clerk's Taxation of Costs" filed March 12, 2008, requesting the Clerk to affirm the prior decision awarding costs in the amount of $8,897.70 to Defendant Village; and before the Clerk on Defendant Black's "Response to Plaintiffs' Motion for Reconsideration of Clerk's Taxation of Costs" filed March 14, 2008, awarding $7,723.25 to Defendant Black. Both Defendants are asking the Clerk to set aside his "Reconsideration of Costs" filed March 12, 2008, which reduced the amount of costs the Clerk originally awarded to these defendants in the March 6, 2008, "Taxation of Costs."

### History of Bill of Costs Pleadings

There are five documents relevant to the understanding of the relief Defendants are requesting. A quick review of these documents is helpful.

    1. A "Taxation of Costs" was filed by the Clerk on March 6, 2008, in which Defendant Village of Wesley Chapel and Defendant Black were awarded their requested costs on the grounds that Plaintiff's "Objections to the Bill of Costs" had not been timely filed. Consequently, Defendant Village of Wesley Chapel was awarded $8,997.70 and Defendant Black was awarded $7,723.25.

2. Plaintiffs filed a "Motion for Reconsideration of Clerk's Taxation of Costs" on March 7, 2008, on the grounds that the Clerk had erroneously calculated when the objections were due by failing to allow for the three-day rule of F.R.C.P. 6(e) and this court's "Administrative Procedures Governing Filing and Service by Electronic Means."

3. The Clerk filed a "Clerk's Reconsideration of Costs" on March 12, 2008, acknowledging an error was made in his calculations and proceeded to review Plaintiffs' objections on their merits. Page two of the "Clerk's Reconsideration of Costs" contained a table clearly showing the material documents, dates and rules which the Clerk followed in determining that Plaintiffs' objections had in fact been timely filed. This table is repeated here:

|  | Date Bill of Costs Filed | Date Objections Due Per Local Rule 54.1(D) | Date Objections Due Per Rule 6(a) and Adm. Order | Date Objections Filed |
|---|---|---|---|---|
| Defendant Black's | 1/31/2008 | 2/14/2008 | 2/20/2008 | 2/19/2008 |
| Defendant Village of Wesley Chapel | 2/1/2008 | 2/15/2008 | 2/21/2008 | 2/19/2008 |

4. Defendant Village of Wesley Chapel's "Response to Plaintiffs' Motion for Reconsideration of Clerk's Taxation of Costs" filed March 12, 2008, where Defendant's position is that Rule 6(e) is not applicable to the present case as Local Rule 54.1(D) bases its time line upon the filing of the bill of costs, not upon the service of the bill of costs.

5. Defendant Black's "Response to Plaintiff's Motion for Reconsideration of Clerk's Taxation of Costs" filed March 14, 2008, where Defendant's position is that Rule 6(e) is not applicable to the present case as Local Rule 54.1(D) bases its time line upon the filing of the bill of costs, not upon service of the bill of costs.

Both Defendant's make a distinction between the electronic filing of their original motions to tax costs and the service date of those motions as the additional three (3) days in which to respond to these motions would only apply to the service date and not the file date. However, a review of the CM/ECF Display Receipt shows that the filing date and the service date of these documents was in fact the same. Defendant Village of Wesley Chapel's "Motion for Taxation of Costs" was filed and served electronically on February 2, 2008. Defendant Black's "Motion for Taxation of Costs" was filed and served electronically on January 31, 2008. This Display Receipt also lists the date any responses to these motions were due as being February 19, 2008, the same date the Clerk arrived at above.

**THEREFORE,** Defendant Black's and Defendant Village of Wesley Chapel's request to have the Clerk affirm as costs the amounts contained in the rescinded "Taxation of Costs" filed March 6, 2008, is **DENIED.** Costs are awarded to Defendant Black in the amount of $6,274.85 and to Defendant Village of Wesley Chapel in the amount of $7,795.60 as stated in the "Clerk's Reconsideration of Costs" filed March 12, 2008. **IT IS FURTHER ORDERED,** that the Clerk shall not entertain any further motions for reconsideration of these costs and parties are advised that either party may appeal this "Affirmation of Costs" to the district court within five (5) business days of receipt of this Taxation.

Signed: May 22, 2008

Frank G. Johns, Clerk
United States District Court